## Bradley v. Bradley's Administrator, et al.

(Decided May 19, 1914.)

### Appeal from Scott Circuit Court.

Principal and Surety—Limitation.—A married woman, who executed a mortgage on her property to secure sureties of her husband, was not affected by agreements made between her husband and his sureties under which the life of the debt was extended, and she had the right to rely on the statute of limitation when it was sought to enforce the mortgage lien, although as between the sureties and her husband the right of action would not have been barred.

TOMLIN & VEST for appellant.

BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Emily M. Bradley died intestate in July, 1910, and this was a suit to settle her estate and sell a house and lot to pay her debts, among which was a debt for $1,825 and interest, secured by a lien on the house and lot. A. M. Bradley came into the case by an intervening petition in which he averred in substance that in 1874 Emily

Bradley and her husband, B. F. Bradley, executed a mortgage to J. W. Bradley on the house and lot described in the petition and which was owned by her to secure J. W. Bradley as surety in a note for one thousand dollars executed to the Deposit Bank. That in 1882 B. F. Bradley and J. W. Bradley and A. M. Bradley joined in a writing by the terms of which a one-half interest in the mortgage was assigned to A. M. Bradley, as he was also a surety in the note and jointly liable thereon with J. W. Bradley.

It was further averred that this thousand dollar note was from time to time renewed and enlarged until it amounted to thirty-five hundred dollars, and was finally paid by J. W. and A. M. Bradley in equal parts as the sureties of B. F. Bradley. That during the life of B. F. Bradley, who lived until 1896, he recognized his liability to the sureties in the note, and frequently promised and agreed that if able he would pay them the thirty-five hundred dollars which they had paid as his sureties, and further agreed that in consideration that the mortgage would not be foreclosed ether in his lifetime or the lifetime of Emily Bradley, his wife, the $1,000 debt and the mortgage to secure it, would be kept alive and in full force and effect.

It was further averred that Emily M. Bradley, so long as she lived, recognized and acknowledged the existence of the mortgage of 1874 and the interest of A. M. Bradley therein by virtue of the contract of 1882, and agreed that the mortgage should be kept alive upon the promise of A. M. Bradley not to attempt its collection in her lifetime. But afterwards all these averments with reference to the knowledge or consent of Emily M. Bradley to the extension of the life of the indebtedness or mortgage were withdrawn.

He asked for judgment against the estate of Emily M. Bradley for one-half of the one thousand dollars, with interest from August, 1874, and that he be adjudged a prior lien upon the property described in the petition; or, if that could not be done, that he be adjudged a lien inferior to the mortgage lien set up in the petition.

Pending the disposition of a demurrer to this pleading, the administrator filed a reply to it in which he set up that Emily M. Bradley merely executed the mortgage for one thousand dollars as the surety of her husband, B. F. Bradley, and did not consent to any changes in the note, but that the note, from time to time, was increased

to thirty-five hundred dollars, and new notes from time to time were executed by B. F. Bradley, with J. W. and A. M. Bradley as sureties, in which the increased amounts borrowed by B. F. Bradley were included. He further pleaded the fifteen year statute of limitation.

After this the house and lot were sold for $2,650, and at another term of court a demurrer, filed by the administrator to the petition of A. M. Bradley, was sustained, and, declining to plead further, his petition was dismissed.

On this appeal counsel for appellant say that the single question involved is, "Was the verbal contract with reference to the non-foreclosure of the mortgage made between B. F. and A. M. Bradley good in law for the purpose of keeping the debt and mortgage alive and in full force and effect during the life of B. F. Bradley and Emily M. Bradley?" We do not think so. These verbal agreements between B. F. Bradley, the principal in the note, and his sureties were only binding as between them. Emily M. Bradley was not a party to or in any manner affected by these arrangements between the principal and the sureties. She was merely a surety herself, having mortgaged her property to the sureties of her husband to secure them from loss on account of their suretyship for him in the note for one thousand dollars executed in August, 1874.

It is further suggested that when she joined in the execution of the mortgage on her property to secure the sureties, she invested B. F. Bradley with the power to keep the mortgage and debt alive indefinitely by payments or other valid contracts. We do not find anything in the record to support this assertion.

But there is another sufficient reason why the demurrer should have been sustained to the petition of A. M. Bradley, and it is this: The mortgage executed by Emily M. Bradley in 1874 was executed to J. W. Bradley alone. A. M. Bradley was not a party to it. It was executed, as recited in the mortgage, for the sole purpose of securing J. W. Bradley as the surety of B. F. Bradley in a note to the Deposit Bank for one thousand dollars, due four months after date. Emily M. Bradley never consented that A. M. Bradley should have any interest in this mortgage of any kind or character. She was not a party to or bound by the arrangement by which J. W. Bradley and B. F. Bradley agreed that this mortgage

was to inure to the benefit of J. W. and A. M. Bradley equally, and it is very plain that Emily M. Bradley did not do anything to stop the statute of limitation from running in her favor, and the statute, we think, presented many years before this suit was brought a complete bar to any action by A. M. Bradley to seek relief against Emily M. Bradley by virtue of this mortgage.

Under the facts stated it is here sought to enforce a lien on property of the surety more than thirty years after the creation of the liability of the surety. The rule, that as between the parties the life of a mortgage may be extended as long as the life of the debt is extended, can have no application to this case for two reasons: In the first place, Emily M. Bradley was not the debtor but merely his surety; and, in the second place, she did nothing to extend the life either of the debt or the mortgage.

The judgment is affirmed.